MILLER NASH GRAHAM & DUNN LLP
Phillip Allan Trajan Perez, Bar No. 234030
trajan.perez@millernash.com
Tyler D. Bowlin, Bar No. 305715
tyler.bowlin@millernash.com
340 Golden Shore, Suite 450
Long Beach, California 90802
Telephone:  562.435.8002
Facsimile:   562.435.7967

Attorneys for Plaintiff
WORLD FUEL SERVICES (SINGAPORE) PTE LTD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WORLD FUEL SERVICES (SINGAPORE) PTE LTD,<br><br>Plaintiff,<br><br>v.<br><br>ZHONG XIN PEARL M/V, IMO Number 9684134, *in rem*,<br><br>Defendant. | IN ADMIRALTY<br><br>Case No.<br><br>**VERIFIED COMPLAINT FOR ARREST OF VESSEL** |

Plaintiff World Fuel Services (Singapore) Pte Ltd. ("WFS") alleges as follows:

**I. JURISDICTION AND VENUE**

1. This is a case of admiralty and maritime jurisdiction pursuant to 28 USC § 1333 and an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. It involves claims for the breach of maritime contracts. The Court has *in rem* jurisdiction over the defendant, the vessel Zhong Xin Pearl M/V, IMO Number 9684134 (the "Vessel"), because the Vessel is currently or will be within the jurisdiction or is expected to be in this district during the pendency of this action.

2. Venue is proper pursuant to 28 USC § 1391(b).

## II. PARTIES

3. At all times material hereto, World Fuel Services (Singapore) Pte Ltd. ("WFS") was and is a company organized and existing under the laws of the Republic of Singapore. World Fuel Services (Singapore) Pte Ltd. is an indirectly and wholly subsidiary of World Fuel Services Corporation, a Florida corporation, and also is a member of the World Fuel Services Corporation Marine Group of companies that supply fuel to the maritime industry worldwide under the style and name "World Fuel Services." The worldwide headquarters for WFS is located in Miami, Florida, USA.

4. Zhong Xin Pearl M/V, IMO Number 9684134, is an ocean-going cargo vessel, registered under the laws of the Hong Kong Special Administrative Region.

5. Upon information and belief, at all times pertinent, the registered owner of the Vessel was Zhong Xin Marine Company Limited, a foreign business entity believed to have its principal place of business in Hong Kong.

6. Upon information and belief, at all times pertinent, the commercial operator of the Vessel is Zhong Xin Marine Company Limited, a foreign business entity believed to have its principal place of business in Hong Kong.

7. Upon information and belief, at all times pertinent, the Vessel was chartered to Windrose SPS Shipping and Trading SA ("Windrose"), a foreign business entity having its principal place of business in Genève, Switzerland.

8. On information and belief, the Zhong Xin Pearl M/V is within this District, or will be within this District, during the pendency of this action. The Zhong Xin Pearl M/V is currently due at the Port of Pittsburg, California on or around October 23, 2020.

## III. THE FACTS

9. WFS is a provider of fuel oil (also known as "bunkers") to ocean-going ships and other vessels.

10. On or about March 15, 2017, WFS entered into a contract with Windrose to provide fuel to the Vessel at the agreed price of US$290.00 / Metric ton delivered (the "Fuel"), to be delivered to the Vessel in the Port of Singapore (the "Contract"). The terms of the Contract

MILLER NASH
GRAHAM & DUNN
LLP
ATTORNEYS AT LAW
LONG BEACH

- 2 -

VERIFIED COMPLAINT FOR ARREST OF VESSEL

were confirmed by E-mail from WFS to Windrose dated March 15, 2017, a true and correct copy of which is attached to this Verified Complaint as **Exhibit A**. The Contract for purchase and sale of the Fuel was made pursuant to WFS's General Terms & Conditions, which General Terms & Conditions apply to all sales of fuel by WFS in all countries of the world. A true and correct copy of WFS's General Terms & Conditions is attached to this Verified Complaint as **Exhibit B**.

11. WFS subcontracted its performance of the Contract through Universal Energy Pte. Ltd., which delivered 1,249.118 metric tons of fuel to the Vessel on March 20, 2017, which delivery and acceptance was confirmed by the master or chief engineer of the Vessel upon the Bunker Delivery Note, identified as BDN No. 31147, a true and correct copy of which is attached to this Verified Complaint as **Exhibit C**. WFS paid Universal Energy Pte. Ltd. in full for the delivery of the Fuel to the Vessel.

12. Windrose was timely invoiced for the Fuel on March 29, 2017, a true and correct copy of which invoice, identified as Invoice No. 264553-31501 (the "Invoice"), is attached to this Verified Complaint as **Exhibit D**.

13. The total outstanding balance for the Fuel, including interest and administrative fees, was US$609,374.17 as of October 22, 2020, with interest continuing to accrue thereafter at the rate of $178.64 per day.

14. The owners, operators and charters of the Vessel have failed to pay for the Fuel. As of the date of filing this Verified Complaint, no part of the outstanding amount due under the invoice for the Fuel has been paid, although it was duly demanded.

15. WFS's General Terms & Conditions expressly state that the Fuel sales contracts are governed by the law of the United States. *See* Ex. B at ¶ 18.

16. The nonpayment for the Fuel constitutes a breach of the Contract by which WFS furnished the Fuel to the Zhong Xin Pearl M/V.

17. By virtue of WFS's furnishing of "necessaries" to Zhong Xin Pearl M/V within the meaning of the Federal Maritime Lien Act, 46 USC § 31342 et seq., WFS has a maritime lien *in rem* against Zhong Xin Pearl M/V for the full amount of its claim for nonpayment of the amount due for the Fuel.

MILLER NASH
GRAHAM & DUNN
LLP
ATTORNEYS AT LAW
LONG BEACH

- 3 -
VERIFIED COMPLAINT FOR ARREST OF VESSEL

18. WFS's General Terms and Conditions provide that "[P]roducts supplied in each Transaction are sold and effected on the credit of the Receiving Vessel, as well as on the promise of the Buyer to pay, and it is agreed and the Buyer warrants that the Seller will have and may assert a maritime lien against the Receiving Vessel for the amount due for the Products delivered." *See* Ex. B at ¶ 8(a).

19. WFS's General Terms and Conditions also provide that WFS will be fully reimbursed for "the cost of bonds, fees, [and] internal and external attorneys' fees associated with enforcing a maritime lien." *See* Ex. B at ¶ 7(f).

20. Under federal maritime law and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, WFS is entitled to arrest Zhong Xin Pearl M/V to enforce its maritime lien for the amount due for the Fuel.

## IV. PRAYER FOR RELIEF

WHEREFORE, WFS seeks the following relief:

1. That WFS have judgment in the amount of US$609,374.17, representing the total principal owed, accrued interest, and administrative fees through October 22, 20020, together with interest continuing to accrue thereafter at the rate of $178.64 per day until the amount owing is paid in full;

2. That the Court enter an order in favor of WFS awarding it the fees and costs of this action, including, but not limited to, attorney fees, the administrative fees of the U.S. Marshal, the cost of a substitute custodian, and any other expenses incurred in connection with the arrest and continued custody of the vessel Zhong Xin Pearl M/V;

3. That process *in rem*, the Verified Complaint and Warrant for Arrest, pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, be issued against Zhong Xin Pearl M/V, her tackle, engines, earnings, freights, etc., and served upon the Master or other ranking officer or caretaker of the Zhong Xin Pearl M/V, placing her under the arrest, custody and control of the Marshal of this district;

MILLER NASH
GRAHAM & DUNN
LLP
ATTORNEYS AT LAW
LONG BEACH

- 4 -
VERIFIED COMPLAINT FOR ARREST OF VESSEL

4. That Zhong Xin Pearl M/V, her tackle, engines, apparel, furniture and equipment and all other appurtenances and additions, improvements, and replacements belonging thereto, be condemned and sold to pay the judgment entered herein, including interest then accrued and all costs and disbursements due WFS herein, including costs of *custodia legis*; and

5. That WFS be awarded such other and further relief as this Court deems just and equitable.

Dated: October 22, 2020                                  MILLER NASH GRAHAM & DUNN LLP

By: */s/ Phillip Allan Trajan Perez*
Phillip Allan Trajan Perez
Tyler D. Bowlin
Attorneys for Plaintiff
WORLD FUEL SERVICES
(SINGAPORE) PTE LTD.

## VERIFICATION

I, Ron Riley, verify under the penalty of perjury under the laws of the United States that I am Senior Counsel – Credit and Collections for the World Fuel Services Corporation Marine Group of companies with its global headquarters located in Miami, Florida, to include without limitation World Fuel Services, Inc., a Texas corporation with base of operations in Miami, Florida, and World Fuel Services (Singapore) Pte Ltd, the Plaintiff in the present matter, am familiar with its operations and those of its member companies, that I have read the within and foregoing Verified Complaint, know the contents thereof, and believe the same to be true and correct.

Dated this 22nd day of October 2020.

_____
RON RILEY

MILLER NASH
GRAHAM & DUNN
LLP
ATTORNEYS AT LAW
LONG BEACH

- 6 -

VERIFIED COMPLAINT FOR ARREST OF VESSEL